**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TAMMY M. McREYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 08-1151-WEB/DWB |
| ) | |
| HAWKER BEECHCRAFT CORP., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

Pursuant to Fed . R. Civ. P Rule 26, and agreement of the parties, the Court enters the following Protective Order which shall be binding and enforceable against the parties, their attorneys and all legal or equitable successors:

1. The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. The Order is necessary to protect confidential employment, financial and health information regarding the plaintiff and her children and employment files of the defendants, which may include documents provided by third parties. The privacy interests in such information substantially outweigh the public's right of access to judicial records. Good cause exists for the issuance of a protective order under Fed .R. Civ. P. Rule 26.

2. The parties have agreed that certain documents and information produced or disclosed during this litigation should be treated as confidential. Such information subject to confidential treatment may include documents, interrogatory answers and deposition or other testimony identified below as "Confidential Information." The parties agree that such

Confidential Information as described in paragraph 3 should be given the protection of an Order of this Court to prevent injury to the plaintiff through disclosures to persons other than those persons involved in the prosecution or defense of this litigation.

3.     Any discovery responses (including interrogatory answers, documents produced and responses to requests for admissions) or depositions taken (or portions thereof) in this litigation relating to the following matters may be designated by the producing or testifying party as Confidential Information:

"Medical information" of the plaintiff or her children, which term shall refer to: (1) health care provider records and statements, specifically including medical treatment or psychiatric, psychological and counseling records involving the health, treatment and well being of plaintiff; (2) hospital records; (3) physical therapy records; (4) billing statements; (5) prescription medication records; and (6) any other records or statements involving the health, treatment and well being of plaintiff or plaintiff's minor children..

"Employment information" of the plaintiff, which term shall refer to: (1) personnel files of any of employers, past or present, (2) unemployment compensation files, (2) worker's compensation files, (3) complaints made to any state or federal agency, and (4) any other records related to plaintiff's employment.

"Financial information" of the plaintiff, which term shall refer to: (1) bank records, (2) credit reporting files, (3) tax returns and related documents, and (4) any other files related to plaintiffs' finances.

"Employment files" of the defendants, which term shall refer to: (1) any personnel file of any employee, including disciplinary files, (2) any personnel file of defendant,

including disciplinary files, grievance files, FMLA files, workers compensation files and medical files.

    4.    <u>Designating Documents and Discovery Responses Confidential</u>.  The parties may designate as Confidential Information a document or discovery response produced after the entry of this Order by (a) stamping or labeling the document or interrogatory answer with the word "Confidential" or (b) advising the opposing parties in writing at the time of production that certain documents or interrogatory answers are "Confidential."  The parties may designate as Confidential Information any documents or interrogatory answers produced prior to the entry of this Order by (a) stamping or labeling duplicate copies of the documents or interrogatory answers previously produced with the word "Confidential" and delivering the stamped copies to opposing counsel, or (b) advising the opposing parties in writing within 30 days after the entry of this Order that certain documents or interrogatory answers are "Confidential." Unless otherwise ordered by the Court or stipulated to by the parties, only documents or interrogatory answers relating to the subjects enumerated in paragraph 3 may be designated as Confidential Information.

    5.    <u>Designating Deposition Testimony as Confidential</u>. The parties may designate deposition testimony relating to the subjects enumerated in Paragraph 3 above as Confidential Information by advising counsel of record within 30 days of receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. All deposition testimony shall be deemed to be Confidential Information for a period of 30 days after counsel's receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties.

6. Any documents, interrogatory answers, admissions or other discovery matters designated as Confidential Information are to be treated by the party receiving the discovery as confidential and shall be utilized by such party only for the prosecution or defense of this case. Except as may be agreed to by the parties, or ordered by the Court, disclosure of such discovery material or the information contained therein shall be limited to the parties, their counsel, counsel's legal and clerical assistants, witnesses being deposed in this case, experts retained for purposes of this litigation who have signed the Acknowledgment attached hereto as Exhibit A, court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation. Counsel shall advise all witnesses being deposed and testifying and non-testifying experts to whom discovery materials are disclosed pursuant to this paragraph of the existence of this order, and they shall agree to be bound thereby prior to such disclosure by executing the Acknowledgment attached hereto as Exhibit A.

7. In the event a party disagrees with the designation of any information as Confidential Information, said party must notify the other party or parties of its challenge in writing and within 30 days of receipt of the confidential materials. Failure by a party to object to the confidentiality designation within the time prescribed will serve as a waiver of any subsequent objection. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court, who shall be permitted to conduct an *in camera* inspection of the confidential materials. The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment.

8. The parties reserve the privilege and/or work product doctrine with regard to the inadvertent production of any privileged or protected material contained in electronically stored information ("ESI") produced by any party. Production of such privileged or protected material is not to be considered a waiver of the attorney-client privilege or attorney work-product doctrine, even though the material was not specifically identified on a privilege log. With respect to any and all documentation produced during discovery, if the receiving party's counsel identifies a document that is clearly privileged, said counsel shall immediately stop any review of said document and return it to the disclosing party. The producing party also has the right to make written demand upon the parties and/or their attorneys to return any inadvertently disclosed protected material immediately. The parties agree that all such material, as well as any copies thereof, will be promptly returned to the producing party, unless a dispute arises which necessitates a motion to the Court.

9. This Order is binding upon the parties hereto, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony pursuant to the terms hereof is made. This Order, insofar as it restricts the communication and use of Confidential Information, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals.  This Order does not restrict the use of or reference to such Confidential Information at trial and/or appeal. Issues of use or admissibility at trial shall be determined by the Court.

10. In the event counsel for any of the parties determines to file with or submit to the Court any Confidential Material, or information contained therein or derived therefrom, by way of pleadings, motions, briefs, or other papers containing or attaching such materials

or information, that party shall comply fully with the provision of Section II(J) of the Court's *Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas (Rev. July 19, 2008).*

11. The failure of any party to seek enforcement of this order shall not be a waiver of this order, and any waiver of this order by any party as to specific confidential information shall not be a waiver as to any other confidential information.

12. Upon final termination of this action, including all appeals, the receiving party or parties of designated confidential documents shall be obligated to return such documents to the sending party upon counsel for receiving party receiving a written request from counsel for sending party. Upon receipt of such request, the receiving party shall assemble and return to counsel for the producing party all Confidential Information subject to this Order, within 15 days of receiving such notice. The producing party may elect to make written demand for the destruction of all such confidential information and certification from the recipient party that all such information and materials were destroyed.

13. The intent of this Order is to provide a mechanism by which the parties may protect confidential documents and information during the discovery process. Entry of this Order by the Court does not constitute an adjudication that any information provided pursuant to discovery is, in fact, confidential, and to the extent any dispute arises over whether information is, in fact, confidential, the burden of proving the confidential nature of the information shall be borne by the party making that claim.

14. If any person having access to Confidential Information shall violate this Order, said person shall be subject to sanctions by the Court for contempt.

15. This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms as the scope of discovery dictates. Following the conclusion of this litigation, the parties may seek leave to reopen the case to enforce the provisions of this order, or to obtain such direction or further decree as may be appropriate for the interpretation or enforcement of this order.

IT IS SO ORDERED.

Dated this 5th day of August, 2008.

    s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
MAGISTRATE JUDGE

APPROVED BY:

AYESH LAW OFFICES

By: /s/ Ray E. Simmons
    Mark G. Ayesh, #10175
    Ray E. Simmons, #12296
    8100 East 22nd Street North
    Building 2300, Suite 2
    P. O. Box 781750
    Wichita, KS 67278-1750
    Telephone: 316-682-7381
    Fax: 316-682-1729
    E-mail: rsimmons@ayesh.kscoxmail.com
        *Attorneys for Plaintiff*

MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.

By: /s/ Terry L. Mann
    Terry L. Mann, #12840
    Megan S. Salyers, #23452
    100 N. Broadway, Suite 500
    Wichita, KS 67202
    Telephone: 316-265-9311
    Fax: 265-2955
    E-mail: tlmann@martinpringle.com
        mssalyers@martinpringle.com
        *Attorneys for Defendant, Hawker Beechcraft Corp.*


HAMMOND, ZONGKER & FARRIS, L.L.C.

By: s/ Tom E. Hammond
    Tom E. Hammond, #10242
    P.O. Box 47370
    Wichita, KS 67201
    Telephone: 316-262-6800
    Fax: 316-262-3770
    E-mail: tehammond1@yahoo.com
        *Attorneys for Defendant, International Association of Machinists*
        *and Aerospace Workers and District Lodge 70, AFL-CIO*

**CONFIDENTIALITY AGREEMENT**
**EXHIBIT A**

My name is _____. I am employed by _____, and my business address is _____. I have read and I fully understand the provisions of the Protective Order that has been entered by the United States District Court for the District of Kansas. I agree to abide by and comply with all the terms and provisions of that Protective Order. Except as authorized, I shall not copy or reproduce in any manner the documents or information or any portion thereof. I shall not disclose any confidential documents, including any notes, memoranda, or any other form of information derived from those documents, to any person other than those specifically authorized by the Protective Order. I shall not use any confidential documents or information for any purposes other than those authorized by the Protective Order. My pledge of secrecy under this agreement shall continue after this specific matter is concluded. I understand that violation of the Protective Order or this Confidentiality Agreement may constitute contempt of court.

By: _____

Date: _____